*1015
 
 O’NIELL, Chief Justice
 

 (dissenting).
 

 I have such an aversion to taking a young child away from his or her mother, particularly on the ground that she is of such immoral character as to be unfit to have the child, that I will not subscribe ■to such a decree unless the evidence against the mother amounts to proof beyond a reasonable doubt. The judge who tried this case had all of the witnesses before him, and was in a better position to judge of their credibility than we- are. I defer to his judgment that the proof in this case is not sufficient to establish the mother’s guilt. It is conceded in the prevailing opinion that the only issue in the case “is one of fact, dependent upon the veracity of the witnesses.” This case is< very similar to Carter v. Melchior, 150 La. 289, 90 So. 652. In that case the trial judge found that the proof was not sufficient to condemn the woman; and this court, on rehearing, affirmed the judgment, on the ground that the trial judge had seen and heard the witnesses and necessarily had passed upon their credibility, that the testimony was conflicting, and that some parts of the plaintiff’s testimony were highly suspicious, and other parts wholly improbable. As for the witness who claims that he debauched the mother in this case, I adhere to the dissenting opinion which I wrote in the case of Mouille v. Schutten, 190 La. 841, 183 So. 191, to the effect that the courts ought
 
 to
 
 forbid a witness to give such testimony against himself, not only for the reason that such testimony is worthless as evidence, but also for reasons of public policy.